Rhine v. Hart.

*Hill & Gray*, for appellants.

*H. Dillahunty*, for appellee.

---

## HENRY RHINE v. JOSEPH C. HART.

The last proviso to the statutory provision contained in art. 89, O. & W. Dig., prohibiting a joint suit against two or more assignors except upon a joint assignment, forbids the joinder as defendants of an immediate and a remote indorser of a bill of exchange or a promissory note, in an action against the maker.

ERROR from Red River. Tried below before the Hon. Wm. S. Todd.

This suit was instituted by the defendant in error against W. M. Picket as maker, and Joseph Minter and Henry Rhine as indorsers of a promissory note for $105. The petition showed that Minter, who was the payee of the note, indorsed it to Rhine, and that Rhine indorsed it to plaintiff.

The defendants filed a general demurrer, which was overruled. Judgment against all the defendants. Rhine sued out his writ of error, and for error assigns the judgment against him.

Rhine v. Hart.

*Murray*, for plaintiff in error.

MOORE, J.—It has been a matter of settled practice with us, since the first organization of our judicial system, that a joint action can be maintained against the maker and indorser of a bill of exchange or promissory note. In the present case it is sought to extend this practice so as to include the immediate and remote indorser in the action against the maker. There does not appear to be any very good reason or principle why it should not be done. It seems, however, to be directly inhibited by the statute. The last clause of art. 89, O. & W. Dig., reads as follows: "and provided, also, that no joint action shall be commenced against any two or more assignors, unless when they shall be joint assignors." The plaintiff's petition showed upon its face, that this suit was brought in direct violation of this provision of the statute. The general demurrer to the petition, should, therefore, have been sustained.

The judgment is reversed and the cause remanded.

Reversed and remanded.